JOHN H. FELBER, APPELLEE, V. BEDFORD B. BOYD, APPELLANT.

FILED APRIL 5, 1895. NO. 7378.

Alteration of Transcript: DISMISSAL OF APPEAL. The motion of appellee to strike from the files of this court the transcript filed herein sustained, because it appears (1) that the appellant has not brought to this court and filed here a certified transcript of the proceedings in the district court as the same appear of record in the office of the clerk of said court; (2) that the certificate of the clerk of the district court attached to the record brought here has been materially altered since it was made, with the evident intention of misleading and deceiving this court.

MOTION by appellee to quash the transcript of appeal from a decree of the district court of Cedar county on the ground that the certificate of the clerk has been altered. *Motion sustained.*

No briefs filed.

*J. C. Robinson* and *Wilbur F. Bryant,* for the motion.

*Bedford B. Boyd* and *William Leese, contra.*

RAGAN, C.

This case is before us on three motions. The first is to quash the bill of exceptions. There is no merit in this motion and it is accordingly overruled without discussion. The second motion suggests a diminution of the record. It would subserve no useful purpose to set forth the grounds on which this motion is based, nor our reasons for denying it, and it is accordingly overruled. The third is a motion to strike from the files of this court what purports to be a certified copy of the record of this case made by the clerk of the district court of Cedar county, where the case was

tried and from which it has been appealed. The ground on which the motion is based is that the certificate made and attached to the record brought here by the clerk of the district court of Cedar county, since such certificate was made, has been changed.

The facts alleged in the motion are established by affidavits filed in support thereof. The certificate of the clerk, as originally made, was in words and figures as follows:

### "CERTIFICATE OF TRANSCRIPT.

"THE STATE OF NEBRASKA, } ss.
  THE COUNTY OF CEDAR.

"I, John J. Goebel, clerk of the district court in and for said county and state, do hereby certify that the within and foregoing is a true and correct copy of all of the pleadings in the case of John H. Felber against Bedford B. Boyd, as the same are on file and of record in my office, and all of the journal entries, except a copy of the last journal entry included in the transcript, which is not recorded, but only one of the files of the case, for, according to the rules of said court, the same was not accepted by the plaintiff and could not be recorded.

" Given under my hand and official seal, this 23d day of November, in the year of our Lord one thousand eight hundred and ninety-four.

" [SEAL.]                      JOHN J. GOEBEL,
                          *"Clerk of the District Court."*

It appears from the evidence introduced in support of the motion to quash this transcript that rule 16 of the district court of Cedar county provides: "An attorney who drafts a journal entry shall submit the same to an attorney of the opposite party for approval, rejection, or modification before the clerk places the same on the journal. If such attorneys cannot agree upon the journal entry to be made, the same shall be settled by the judge."

There has also been transmitted here and used in the hearing of this motion a duly certified transcript of the de-

cree rendered and all the orders made by the district court in this action, as the same are of record on the district court journals of said Cedar county. From this certified transcript we take the following from the decree of the court:

"It appearing that the counsel cannot agree upon a journal entry for last term, under the rules of the court, and the defendant having drawn a journal entry unsatisfactory to the court, it is ordered that the counsel for the plaintiff prepare a journal entry to be submitted to the judge of this court for approval.          W. F. Norris,
                                        "*Judge.*"

It appears that in accordance with that order that counsel for the plaintiff (the appellee) prepared the journal entry or decree in the case and submitted it to the judge. It was approved by him and made by the clerk a part of the complete record of the case. It also appears that counsel for the appellant filed with the clerk or placed among the files in this case in the clerk's office the "unsatisfactory journal entry" mentioned above by the judge, and that a copy of this "unsatisfactory journal entry" or decree is the one which the appellant has incorporated into the record brought here, and is the journal entry or decree alluded to by the clerk in his certificate in this language, "except a copy of the last journal entry included in the transcript, which is not recorded, but only one of the files in the case, for, according to the rules of said court, the same was not accepted by the plaintiff and could not be recorded." The alteration of the certificate of the clerk complained of consists of interlineations and erasures as follows: In that part of the certificate last above quoted some one has erased with a pen and ink the following words, "but, only, one, of the, for, rules, of said court, the same was not accepted by the plaintiff and could not be recorded," and has inter-lined with a pen and ink the following words: "only one of the." So that the certificate now reads as follows: "The

within and foregoing is a true and correct copy of all the pleadings in the case,   \*   \*   \*   as the same are on file and of record in my office, and of all the journal entries, except a copy of the last journal entry included in the transcript, which is not recorded ; only one of the files in the case according to the rules." In other words, the clerk certified that the transcript brought here by appellant contained a correct copy of all the pleadings in the case on appeal and of record in his office and a correct copy of all the journal entries, except that which purported to be the decree in the case, was, under the rules of the court, not the decree, had not been accepted as such, and was not of record ; and the certificate, as changed, makes the clerk certify that this record contains a certified copy of all the pleadings in the case except that the decree in the transcript had not been recorded and remained a file in the case according to the rules of the court. To sum up the matter, it appears: (1) that the appellant has not brought to this court and filed here a certified transcript of the proceedings of the district court of Cedar county in this case, as the same appear of record in the office of the clerk of the district court of said county ; (2) that the certificate of the clerk of the district court attached to the record brought here has been materially changed, since it was made with the evident intention of misleading and deceiving this court. We cannot tolerate conduct like this. The motion is sustained, the transcript quashed, and the entire proceeding is dismissed out of this court.

APPEAL DISMISSED.