BEDFORD B. BOYD v. JOHN H. FELBER.

FILED JUNE 15, 1897. No. 7378.

Review: SUFFICIENCY OF EVIDENCE. This case having been tried as a purely equitable action there is found no question presented by the petition in error except the sufficiency of the evidence to sustain the judgment, and this con'ention is found unsustained by the record.

ERROR from the district court of Cedar county. Tried below before NORRIS, J. *Affirmed.*

*B. B. Boyd* and *Mell C. Jay*, for plaintiff in error.

*Wilbur Franklin Bryant, contra.*

RYAN, C.

On a motion this case was considered by this court and dismissed. (*Felber v. Boyd*, 44 Neb., 700.) Within one year of the date of the original judgment in the district court of Cedar county there was filed a petition in

error in this court, and upon the assignments therein presented this proceeding has been argued and submitted. The action was brought by John H. Felber against Bedford B. Boyd for the possession of a certain tract of land containing sixty acres, and for the recovery of rents and profits alleged to be due from Boyd by reason of his occupancy of said real property. The answer of Boyd, in addition to denials of the averments of the petition, contained allegations that plaintiff and defendant in October of 1883 had purchased 160 acres, which included the tract in controversy, from one L. M. Keene for the sum of $4,000; that $500 of this consideration was paid at the time of said purchase; that the balance was to be paid in five equal annual installments; that in 1884 the defendant Boyd went into possession of a portion of said premises and has ever since continued to occupy and improve the same as the owner thereof with the full knowledge and acquiescence of plaintiff, and that a portion of said premises has, since the purchase, been occupied by the plaintiff. It was further alleged in the answer of Mr. Boyd that in the year 1886 the contract for the purchase of the entire tract from Mr. Keene was assigned to Mr. Felber to enable said Felber to pay the balance due to Keene, it being understood that when this should be accomplished the undivided one-half of the title of said premises should be conveyed by Felber to Boyd. It was averred in the answer that Felber obtained a loan of the sum of $3,000, secured by mortgage in accordance with the above plan, and, having used only $2,747 of the proceeds of said loan to pay off the mortgage, that Felber appropriated the balance of the $3,000 to his own use. It was further alleged in the answer that Felber had held possession of the aforesaid premises for a long time and consequently was liable for a large sum as rents and profits therefrom arising, and in addition, for an amount paid to Felber as compensation for a strip of said land appropriated by the public for a highway. There was an offer by Boyd in his answer to make payment of one-half the sum the

court should find had been paid by plaintiff in excess of what defendant Boyd had paid in procuring title to said premises.   There were claims asserted by Boyd in his answer of $1,260 by him paid as purchase money and of $1,575 for improvements by him placed on the premises. The prayer of the answer was as follows: "The defendant therefore prays that an account may be taken of the amount due the plaintiff, if any, from the defendant upon the purchase of said premises, and that upon the defendant paying the amount so found due into court for the benefit of the plaintiff that the plaintiff be then required to convey to defendant the one-half interest in said premises, and for such other and further relief as to equity pertains."

Aside from admissions of some averments of the answer and denials of others, there were the following allegations by way of reply, to-wit: "The plaintiff alleges the facts to be that the defendant, in the year 1886, assigned his interest in the said contract to the plaintiff in order to obtain a loan upon said premises, and the said interest was so assigned and a mortgage upon said premises was given by the plaintiff and a deed given to plaintiff by said L. M. Keene; but it was further agreed between the plaintiff and defendant that the said premises should be divided between them, and the part assigned to the defendant was the part described in the plaintiff's petition; and it was further agreed that the title in said premises should remain in the plaintiff, and the defendant was to pay his portion of the taxes, principal and interest of and above the mortgage,—that is to say, one-half when the same became due; that upon condition that the defendant should so pay such taxes, principal and interest as aforesaid, the plaintiff in consideration thereof agreed to sell and convey to the defendant the premises described in the plaintiff's petition; that the defendant has utterly failed on his part to fulfill any of the conditions on his part to be done and performed; that he has paid none of said taxes and none of said principal or interest, and

the plaintiff has been compelled to pay the same to protect his title." By way of further reply, plaintiff alleged that he had paid the $3,000 above referred to and the interest thereon, so that the total so paid equaled $4,355.82. On these payments interest was computed till the time of filing the supplemental reply in the sum of $1,163.45. The several amounts paid for taxes, with interest thereon till the time of pleading the same in the supplemental reply, amounted to $625.85. The aggregate of these three sums is $6,145.12.

The cause was tried to the court as an equitable action upon the issues presented by the answer and reply. This renders unavailable many of the errors assigned with respect to the admission of alleged incompetent evidence; indeed, it is probably owing to the manner in which this case was presented and determined that there is raised no question except that as to the sufficiency of the evidence to sustain the judgment rendered by the district court. The findings of the court upon sufficient evidence sustained the averments of the reply and on an accounting it was adjudged that there was due from the defendant to plaintiff the sum of $2,632.40, which amount defendant was required to pay within a fixed time to entitle him to a warranty deed for the north 100 acres of the 160-acre tract. The time elapsed for making this payment without such payment being made, whereupon, as the record recites, the cause came on for a remedial order upon the application of plaintiff, and the court further extended the time in which payment might be made and ordered that if there should be a default in making such payment that the said 100-acre tract should be sold and an order of sale be issued requiring such sale to be made. There is found in the record no copy of the application for the relief styled remedial, consequently we are precluded from a consideration of its sufficiency to justify the order in question. The defendant himself had first presented equitable issues and had prayed for general equitable relief between himself and plaintiff, and we

shall not infer that there was error in making an order after his default, which order, by such default, had been rendered necessary to the administration of complete equitable relief between the parties litigant. There is found no error in the record, and the judgment of the district court is

AFFIRMED.